UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WESTERN RESERVE MUTUAL CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Cause No.     3:25-cv-108 |
| vs. | ) ) ) | |
| NOAH'S ARCADE, LLC d/b/a FULL TILT, BEN KONOWITZ, RYAN HART, and NICKELS AND DIMES INCORPORATED, | ) ) ) ) | |
| Defendants. | ) | |

## WESTERN RESERVE MUTUAL CASUALTY COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Western Reserve Mutual Casualty Company ("Western Reserve"), by counsel, pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2202, *et seq.*, and for its *Complaint for Declaratory Judgment* (the "Complaint") against Defendants, states as follows:

## INTRODUCTION AND PARTIES

1.      Plaintiff Wester Reserve seeks a declaratory judgment pursuant 28 U.S.C. § 2202, *et seq.,* that there is no coverage under a commercial general liability insurance policy, Policy No PACK-WLS-13-0-2530246, to Defendant Noah's Arcade d/b/a Full Tilt, and in connection with an underlying lawsuit filed by Defendant Nickels and Dimes Incorporated ("Nickels and Dimes"), currently pending in the federal court for the Northern District of Indiana, South Bend Division.

2.     Plaintiff Western Reserve is a mutual insurance company located in Wooster, Ohio.

3.     Western Reserve is authorized to issue policies of insurance and otherwise conduct business in Indiana.

4.     Defendant Noah's Arcade LLC d/b/a Full Tilt Arcade ("Noah's") is a corporation that is incorporated in Indiana and has a principal place of business at 701 N. Fail Rd., LaPorte, IN 46350.

5.     Defendant Ben Konowitz ("Konowitz") is an individual who resides at 701 N. Fail Rd, La Porte, IN 46350. Upon information and belief, Konowitz is alleged to be a co-manager of Noah's. On or about June 6, 2022, Noah's began operating an arcade under the FULL TILT mark.

6.     Defendant Ryan Hart ("Hart") is an individual who resides at 4679 W. Malaga, La Porte, IN 46350. Upon information and belief, Mr. Hart is a citizen of Indiana. Upon information and belief, Mr. Hart is a co-manager of Noah's

7.     Collectively, Noah's, Konowitz, and Hart are known as the "Underlying Defendants."

8.     Defendant Nickels and Dimes, Inc. ("Nickels and Dimes") brought a lawsuit for trademark infringement and other causes of action against the Underlying Defendants, alleging the Underlying Defendants were infringing on Nickels and Dimes' "TILT", "TILT STUDIO", and "TILTED 10" marks through the operation of the Noah's FULL TILT arcade.

**FACTS**

**THE WESTERN RESERVE POLICY**

9.      Western Reserve issued a commercial general liability policy No. PACKWLS1302530246 to Noah's for the period February 10, 2023, to February 10, 2024 (the "Policy").  A certified copy of the Policy is attached hereto as *Exhibit 1*.

10.     The Policy provides, in pertinent part, commercial general liability for Coverage B Personal and Advertising Injury, which covers "those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury." (Ex. 1, p. 6).

11.     Coverage B under the Policy apples to "'personal and advertising injury' caused by an offense arising out of your business...." (Ex. 1, p. 6).

12.     The Policy also provides that Western Reserve "have the right and duty to defend the insured against any 'suit' seeking those damages. (Ex. 1, p. 6).

13.     The Policy, however, states that Western Reserve "will have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply."  (Ex. 1, p. 6).

14.     The Policy also provides that in the event of a suit filed against Noah's, Noah's is obligated to "immediately record the specifics of the claim or 'suit'" and "notify [Western Reserve] as soon as practicable." (Ex. 1, p. 10-11).

15.     Coverage B under the Policy includes form number CG 00 01 12 07, which conditions coverage on the following relevant exclusions:

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

\* \* \*

**c. Material Published Prior to Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

\* \* \*

**i.    Infringement of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertisement."

However, this exclusion does not apply to infringement your "advertisement," of copyright, trade dress, or slogan

\* \* \*

**l. Unauthorized Use Of Another's Name Or Product**

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your email address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

(Ex. 1 at CG 00 01 12 07, pp. 6-7).

16.    The Policy also limits coverage for punitive damages, exemplary damages, and attorney's fees as follows:

The following exclusion is added to Paragraph 2,... **Exclusions of Section I- Coverage B- Personal And Advertising Injury Liability:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to any punitive, treble or exemplary damages, or the fines, sanctions, penalties, legal fees, costs or expenses associated with such damages

(Ex. 1, WIL 40 07 11).

17. The Policy is also subject to the following Definitions:

**SECTION V- DEFINITIONS**

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

   a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

   b. Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

   ***

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a persona occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e.   Oral or written publication, in any manner, of material that violates a person's right of privacy;

f.   The use of another's advertising idea in your "advertisement"; or

g.   Infringing upon another's copyright, trade dress, or slogan in your "advertisement".

Ex. 1 at CG 00 01 12 07, pp. 12-14).

## THE UNDERLYING NICKELS AND DIMES ACTION

18.   On or around July 25, 2023, Defendant Nickels and Dimes filed a lawsuit against Noah's, Konowitz, and Hart in an action titled *Nickel and Dimes Incorporated v. Noah's Arcade d/b/a Full Tilt, Ben Konowitz, and Ryan Hart,* currently pending in the Northern District of Indiana, South Bend Division, Case No. 3:23-CV-699-DRL-MGG (the "Nickels and Dimes Action").  A true and correct copy of the Complaint in the Nickels and Dimes Action is attached hereto and incorporated herewith as *Exhibit 2*.

19.   Defendant Nickels and Dimes filed an Amended Complaint on or around September 5, 2023. A true and correct copy of the Amended Complaint in the Nickels and Dimes Action is attached hereto and incorporated herewith as *Exhibit 3*.

20.   The Amended Complaint is the controlling and operative pleading in the Nickels and Dimes Action.

21.   In the Nickels and Dimes Action, Defendant Nickels and Dimes seeks damages against the Underlying Defendants for alleged infringement of Nickels and Dimes' service marks in TILT, TILT STUDIO, and TILTED 10 through the Underlying Defendants' use of the mark, FULL TILT at Noah's, resulting in damages for which Defendant Nickels and Dimes seeks monetary and injunctive relief.  (Ex. 3, pp. 6-7, 16-20).

22.     Defendant Nickels and Dimes maintains that it has used the TILT mark in commerce since at least February 1977, its TILT STUDIO mark since April 15, 2010, and its TILTED 10 mark since September 2021. (Ex. 3, pp. 3-6).

23.     Defendant Nickels and Dimes alleges that Underlying Defendants began infringing on Nickes and Dimes' marks by using the FULL TILT mark on August 10, 2022. (Ex. 3, p. 8).

24.     Defendant Nickels and Dimes sent Underlying Defendants a cease-and-desist letter on June 22, 2023, advising the Underlying Defendants of Defendant Nickels and Dimes' objection to Underlying Defendants' continued use of the FULL TILT due to the infringement. (Ex. 3, p. 9).

25.     When Underlying Defendants did not comply with Defendant Nickels and Dimes' requests to stop using the FULL TILT mark following the cease-and-desist letter, Nickels and Dimes filed suit against Underlying Defendants on July 25, 2023. (Ex. 2).

26.     Though Underlying Defendants first received the cease-and-desist letter in June 2023 and were served complaints in the lawsuit filed against them in July 2023 and again in September 2023, the Underlying Defendants first reported a claim with Western Reserve under the Policy on December 18, 2023. A true and correct copy of the Liability Notice of Occurrence/ Claim is attached hereto and incorporated herewith as *Exhibit 4*.

27.     Western Reserve undertook an investigation of the incident.

28.     Due to the late notice of claim and suit, by letter dated January 18, 2024, Western Reserve agreed to defend Underlying Defendants in the Nickels and Dimes Action, subject to a reservation of rights, based on the terms, conditions, and limitations in the

Policy.  A true and correct copy of Western Reserve's January 18, 2024, letter is attached hereto and incorporated herewith as *Exhibit 5*.

29.     Specifically, Western Reserve reserved the right to deny coverage for the Nickels and Dimes Action based upon the application of the Duties In The Event Of An Occurrence, Offense, Claim Or Suit provision in the Policy. Western Reserve further reserved the right to deny coverage for the Nickels and Dimes Action pursuant to the Knowing Violation Of Rights Of Another, Material Published Prior To Policy Period, Infringement Of Copyright, Patent, Trademark Or Trade Secret; Unauthorized Use Of Another's Name or Product; and punitive, treble or exemplary damages exclusions.  (Ex. 5).

30.     On December 31, 2024, Western Reserve communicated with Underlying Defendants via letter from undersigned counsel informing them that Western Reserve determined that the personal and advertising coverages under the Policy cannot apply to the claims alleged against them in the Nickels and Dimes Action and notifying Underlying Plaintiffs of Western Reserve's intention to withdraw from defending the Underlying Plaintiffs in the Nickels and Dimes Action.

**DECLARATORY JUDGMENT**

31.     Western Reserve hereby reiterates and incorporates by reference the material allegations in paragraphs 1 through 29 herein.

32.     An actual controversy of a justiciable nature exists between Western Reserve and the Defendants over insurance coverage under the Policy for the Nickels and Dimes Action.

33.     The claims, allegations, and damages alleged by Defendant Nickels and

Dimes are excluded under the Policy's the Knowing Violation Of Rights Of Another; Infringement Of Copyright, Patent, Trademark Or Trade Secret; and Unauthorized Use Of Another's Name or Product exclusions in the Policy, which apply to bar all or part of the damages related to Underlying Defendants' knowing trademark infringement as alleged in the Nickels and Dimes Action.

34.    Defendant Nickels and Dimes' damages are further excluded from coverage under the Material Published Prior To Policy Period exclusion of the Policy, which applies to bar all or part of the damages related to Underlying Defendants' alleged trademark infringement that first occurred on August 10, 2022, which was prior to the beginning of the Policy period.

35.    Western Reserve's defense and indemnification obligations are further excluded by Underlying Defendants' failure to perform their Duties In The Event Of An Occurrence by waiting six months before first informing Western Reserve of the potential claim, thereby committing a first material breach of the Policy.

36.    Accordingly, there is no coverage owed to Underlying Defendants for the damages sought in the Nickels and Dimes Action, and thus Western Reserve has no duty to defend or indemnify, or pay any settlement, judgment, award, or verdict for or on behalf of Underlying Defendants in the Nickels and Dimes Action.

37.    Defendant Nickels and Dimes is named as nominal but indispensable party to this litigation, because it is the Plaintiff and claimant in the underlying lawsuit that may be impacted by the insurance coverage available to Underlying Defendants under the Policy, and it should be bound by any determination with regard to insurance coverage under the

Policy made herein. Western Reserve is willing to dismiss Nickels and Dimes from this declaratory judgment action so that it does not incur any unnecessary legal fees if Nickels and Dimes stipulates that it will be bound by the outcome, through final judgment on appeal, of this declaratory judgment action.

WHEREFORE, Western Reserve, by counsel, respectfully requests that this Court enter declaratory judgment that Western Reserve has no duty to defend, indemnify, or pay any claim, settlement, judgment, verdict, or award on behalf of Defendants Noah's Arcade d/b/a Full Tilt, Ben Konowitz, and Josh Hart in connection with the claims, damages, and causes of action asserted in the Nickels and Dimes Action; that Western Reserve may withdraw its defense of Defendants Noah's Arcade d/b/a Full Tilt, Ben Konowitz, and Josh Hart in the Nickels and Dimes Action upon entry of such declaratory judgment; that defendant Nickels and Dimes is equally bound by this judgment; and all such other proper relief in the premises.

Dated: February 5, 2025

Respectfully submitted,

*/s/ Meghan E. Ruesch*
Meghan E. Ruesch, Atty. No. 32473-49
Peter M. Elliott, Atty. No. 32576-49
LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Phone: 317.237.0500
Fax: 317.630.2790
E-Mail: mruesch@lewiswagner.com
E-Mail: pelliott@lewiswagner.com
***Attorneys for Plaintiff,***
***Western Reserve Mutual Casualty Company***